| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | ROBERT L. EISENBACH III (124896)<br>(reisenbach@cooley.com) |
| 3 | 101 California Street, 5th Floor<br>San Francisco, CA 94111-5800 |
| 4 | Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222 |

*Attorneys for Plaintiffs*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### [MODESTO DIVISION]

| | |
|---|---|
| In re:<br>**NATHAN BENJAMIN DAMIGO,**<br>　　　　Debtor.<br>Chapter Number: 7 | Case No. 19-90003-E-7<br>**COMPLAINT SEEKING DETERMINATION THAT DEBTS ARE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(A)(6)**<br>Adv. Pro. No. 19-[____] |
| **ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, JOHN DOE, AND CHELSEA ALVARADO,**<br>　　　　Plaintiffs,<br>　　　　v.<br>**NATHAN BENJAMIN DAMIGO,**<br>　　　　Defendant. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**COMPLAINT SEEKING
DETERMINATION THAT DEBTS ARE
NON-DISCHARGEABLE**

**COMPLAINT SEEKING DETERMINATION THAT DEBTS ARE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(6)**

Elizabeth Sines, Seth Wispelwey, Marissa Blair, Tyler Magill, April Muniz, Hannah Pearce, Marcus Martin, Natalie Romero, John Doe, and Chelsea Alvarado (the "*Plaintiffs*") file this *Complaint Seeking Determination that Debts are Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(6)* (the "*Adversary Proceeding*") against defendant Nathan Benjamin Damigo ("*Defendant*" or "*Damigo*"). The Plaintiffs, by and through their undersigned counsel, allege, upon knowledge and/or information and belief, the following:

## I. NATURE OF THE ACTION

1. By this Adversary Proceeding, Plaintiffs seek a determination that the amount(s) of the damages arising from numerous claims asserted in Plaintiffs' lawsuit against Damigo in the United States District Court for the Western District of Virginia (the "*Virginia District Court*"), Case No. 3:17-cv-00072-NKM (the "*Charlottesville Action*") are non-dischargeable pursuant to section 523(a)(6) of Title 11 of the United States Code (the "*Bankruptcy Code*").

2. The operative facts of this action arise out of the August 11 and 12, 2017 "Unite the Right" rallies in Charlottesville, Virginia organized by neo-Nazis and white supremacists. The Plaintiffs in this action are University of Virginia undergraduates, law students, and staff, persons of faith, ministers, parents, doctors, and businesspersons. Each Plaintiff was injured as a result of the events in Charlottesville on August 11 and 12, 2017. One Plaintiff suffered a stroke. Three Plaintiffs were injured in a car attack. Others suffered and continue to suffer deep and debilitating psychological and emotional distress.

3. Plaintiffs filed the Charlottesville Action against Damigo and other defendants to challenge their actions under the laws of the United States of America and the Commonwealth of Virginia.

4. Damigo is a white nationalist and founder of a white supremacist organization called Identity Evropa. Damigo and his group took the lead in organizing white supremacist participation among people from outside Charlottesville in connection with the events on August 11 and 12, 2017, in Charlottesville. Damigo's illegal actions were motivated by racial, religious, and ethnicity-based

animus and therefore qualify as "willful and malicious" injuries that are non-dischargeable under section 523(a)(6) of the Bankruptcy Code.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (O).

6. Venue is proper within this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Pursuant to Fed. R. Bankr. P. 7008, this Adversary Proceeding relates to the Chapter 7 bankruptcy case filed by the Defendant, on or around January 2, 2019, in the United States Bankruptcy Court for the Eastern District of California (the "**Bankruptcy Court**"), which is currently pending under Case No. 19−90003−E−7 (the "**Bankruptcy Case**").

8. To the extent consent is required, Plaintiffs consent to entry of final orders by the Bankruptcy Court in the Adversary Proceeding.

## III. PARTIES

9. Plaintiffs are all residents of the Commonwealth of Virginia who were injured as a result of the events in Charlottesville on August 11 and 12, 2017. Additional facts regarding the Plaintiffs can be found in paragraphs 10 to 19 of the Plaintiffs' First Amended Complaint (the "**Amended Complaint**") in the Charlottesville Action [ECF No. 175], which is attached hereto as **Exhibit A** and incorporated herein by this reference.

10. Defendant Damigo is the individual debtor in the Bankruptcy Case and a defendant in the Charlottesville Action. Damigo is a resident of the State of California.

## IV. FACTUAL BACKGROUND

11. Plaintiffs hereby incorporate by reference the allegations in the Amended Complaint.

12. In connection with the now infamous events of August 11 and 12, 2017, Damigo and his co-defendants conspired to plan, promote, and carry out the violent events in Charlottesville. Damigo is a white nationalist and the founder of a white supremacist organization, Identity Evropa, which is also named as a defendant in the Charlottesville Action. Identity Evropa adopted and popularized the white supremacist slogan, "You will not replace us," which was chanted at the Unite

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

COMPLAINT SEEKING
DETERMINATION THAT DEBTS ARE
NON-DISCHARGEABLE

the Right events. Damigo was previously arrested on April 15, 2017, for assaulting a woman at the "Battle for Berkeley" rally, which Damigo described as a test run for "rallies" in Charlottesville. Damigo and Identity Evropa took the lead in organizing white supremacist participation among people from outside Charlottesville to engage in unlawful acts of violence, intimidation, and denial of equal protection in connection with the Unite the Right events.

13. As a result of the illegal acts of Damigo and his co-defendants, Plaintiffs have suffered damages, including without limitation, serious physical injuries and harm, extreme emotional distress, and the inability to return to work or school, as set forth in more detail in paragraphs 283 to 295 of the Amended Complaint. *See* Ex. A, ¶¶ 283–295.

14. To obtain redress for Damigo's unlawful actions, Plaintiffs filed their original complaint on October 11, 2017, against Damigo and other defendants and the Amended Complaint on January 5, 2018. The Amended Complaint asserts claims against Damigo for, among other things, violations of 42 U.S.C. §§ 1985(3) and 1986, and civil conspiracy to violate those laws. Damigo's illegal actions were undertaken pursuant to an unlawful conspiracy, the purpose of which was and is to discriminatorily deprive black, Jewish, and nonwhite individuals, and their white supporters, of their rights to equal protection of the laws and to equal enjoyment of the privileges and immunities of citizens of the United States guaranteed by the Constitution and laws because of their race, religion, and open and obvious advocacy for the rights of nonwhite individuals.

15. In his Schedule F filed in the Bankruptcy Case, Damigo listed the liability(ies) asserted in the Charlottesville Action as unliquidated and disputed claims in varying amounts. *See* Bankruptcy Case, Dkt. No. 1.

## COUNT I

### 11 U.S.C. § 523(a)(6) – Willful and Malicious Injury Caused by Damigo

**(as asserted in the Amended Complaint)**

16. Plaintiffs repeat and re-allege their allegations in the above paragraphs.

17. Based upon the facts and supporting evidence alleged herein, the amounts recoverable and/or the damages arising under the Amended Complaint, Counts I-III (collectively, the "*Claims*") against Damigo are non-dischargeable under section 523(a)(6) of the Bankruptcy Code as having

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

COMPLAINT SEEKING
DETERMINATION THAT DEBTS ARE
NON-DISCHARGEABLE

created a debt or debts owed to Plaintiffs for willful and malicious injury inflicted by Damigo.

18. The Claims seek amounts and/or damages under various causes of action arising from violations of 42 U.S.C. §§ 1985(3) and 1986, and civil conspiracy to violate those laws.

19. Damigo intentionally participated in and perpetuated illegal acts, and willfully aided and abetted and conspired with others, including the other party defendants to the Charlottesville Action, in effectuating those illegal acts.

20. As a result of Damigo's illegal conduct, Plaintiffs suffered damages as alleged in the Amended Complaint.

21. Damigo intended for his actions to injure Plaintiffs for the purpose of (i) discriminatorily depriving black, Jewish, and nonwhite individuals, and their white supporters, of their rights to equal protection of the laws and their rights to equal enjoyment of the privileges and immunities of citizens of the United States guaranteed by the Constitution and laws because of their race, religion, and open and obvious advocacy for the rights of nonwhite individuals; and (ii) furthering his cause of recruiting new followers to engage in racial, religious, and ethnically-motivated violence both at the Unite the Right rally and in the future.

22. Furthermore, the injuries inflicted on Plaintiffs were substantially certain to result from Damigo's illegal acts and the damages represented by the Claims were the inevitable result of Damigo's illegal acts.

23. Damigo's conduct was wrongful, without just cause, and excessive. Examples of the malicious nature, either actual, implied or constructive, of Damigo's activities include, but are not limited to: (i) using online and media platforms to encourage attendance at the Unite the Right rally to discuss and promote violence, causing harm to Jewish people and people of color; (ii) taking a lead role in organizing, with Identity Evropa, white supremacist participation among people from outside of Charlottesville to engage in unlawful acts of violence, intimidation, and denial of equal protection at the Unite the Right events; (iii) attending and participating in the Unite the Right event on August 12, 2017, during which he threatened, intimidated, and harassed protestors and minority residents and incited and engaged in violence; and (iv) directing and inciting acts of violence and intimidation at the Unite the Right rally on August 12, 2017.

24. Based upon the foregoing, the Claims arise from Damigo's willful and malicious injury to Plaintiffs, and, as such, are non-dischargeable under Bankruptcy Code § 523(a)(6).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order and Judgment:

A. On Count I, finding that the amounts recoverable and/or the damages arising from the Claims are non-dischargeable under Bankruptcy Code § 523(a)(6); and

B. Granting Plaintiffs such other and further relief as this Court may find just and proper.

Respectfully submitted,

Dated: January 30, 2019    COOLEY LLP

By: /s/ Robert L. Eisenbach III
    Robert L. Eisenbach III

Attorneys for Plaintiffs

197376864