GLEN K. ALLEN
glenallenlaw@protonmail.com
5423 Springlake Way
Baltimore, MD 21212
Telephone: 410-802-6453

*Attorney for Debtor*

Admitted Pro Hac Vice

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### [MODESTO DIVISION]

| | |
|---|---|
| In re:<br>**NATHAN BENJAMIN DAMIGO,**<br>Debtor.<br>Chapter Number: 7 | Case No. 19-90003-E-7<br>**DEBTOR'S ANSWER TO COMPLAINT SEEKING DETERMINATION THAT DEBTS ARE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(A)(6)**<br>Adv. Pro. No. 19-09006 |
| **ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, JOHN DOE, AND CHELSEA ALVARADO,**<br>Plaintiffs,<br>v.<br>**NATHAN BENJAMIN DAMIGO,**<br>Defendant. | |

Debtor Nathan Damigo responds to the allegations in plaintiffs' complaint as follows:

1. In this first paragraph, plaintiffs set forth their characterization of their own complaint. Debtor is not, in his judgment, required to admit or deny this characterization.

2. As to the first sentence of the second paragraph, the terms "operative facts," "neo-Nazis," and "white supremacists" are vague and undefined and Debtor therefor denies the allegations in that sentence; Debtor affirmatively asserts that he is not a "neo-Nazi" or a white supremacist" but an identitarian who advocates for persons of European ancestry. Debtor admits on information and belief the allegations in the second sentence. As to the third, fourth, fifth, and sixth sentences, Debtor admits that at least some of the plaintiffs were injured as a result of the events of August 11 and 12, 2017 but denies that he intended to cause or did cause any such injuries.

3. Admitted.

4. Debtor admits he was a founder of Identity Evropa but denies it was a "white supremacist" organization. Whether it was "white nationalist" depends on the definition of "white nationalist." Debtor denies the second and third sentences of this paragraph.

5. Admitted.

6. Admitted.

7. Admitted.

8. No response from Debtor required.

9. First sentence admitted on information and belief. As to the second sentence, Debtor denies that the allegations in the "Amended Complaint" are "facts" and therefore denies the second sentence.

10. First sentence admitted except that Debtor was but no longer is a defendant in the Charlottesville Action, which has concluded. Second sentence is denied.

11. Debtor submits that Plaintiffs, by purporting to "incorporate by reference the allegations in the Amended Complaint" - a 109 page complaint containing 375 paragraphs – violate FRCP 8's requirement of a "short and plain" statement of their claim.

12. All sentences in Paragraph 12 contain false or inaccurate assertions and are therefore denied, except that Debtor admits he was a founder of Identity Evropa which was a defendant in the Charlottesville action and that it might be said to have adopted the slogan "You will not replace us" which was chanted at the Unite the Right Rally.

13. Debtor admits only that defendants in the Charlottesville Action were found liable in accordance with the jury verdict and amended judgment in that case and the Fourth Circuit's July 1, 2024 decision on appeal.

14. First and second sentences admitted. Third sentence denied.

15. Admitted.

16. Debtor repeats his responses set forth above.

17. Denied.

18. Plaintiffs' claims in the Charlottesville Action speak for themselves and cannot be adequately summarized in a single sentence, as paragraph 18 purports to do.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

### AFFIRMATIVE DEFENSE

1. Plaintiffs' claims are or may be barred by res judicata or collateral estoppel.

Respectfully submitted,

_____/s/_____

Glen K Allen, Esq.
5423 Springlake Way
Baltimore, MD 21212
Admitted pro hac vice

### CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2025, true and accurate copies of the foregoing were served via ECF procedures of this Court to all counsel of record.

_____/s/_____

Glen K Allen, Esq.
5423 Springlake Way
Baltimore, MD 21212
Admitted pro hac vice