5

COOLEY LLP
ROBERT L. EISENBACH III (124896)
(reisenbach@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Plaintiffs*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[MODESTO DIVISION]

| | |
|---|---|
| In re: | Case No. 19-90003-E-7 |
| **NATHAN BENJAMIN DAMIGO**, | |
| Debtor. | Chapter Number: 7 |
| ELIZABETH SINES, SETH WISPELWEY, SORONYA HUDSON, APRIL MUÑIZ, MARCUS MARTIN, NATALIE ROMERO, DEVIN WILLIS, CHELSEA ALVARADO, AND THOMAS BAKER, | Adv. Pro. No. 19-09006-E<br><br>DC No. RLE-1<br><br>**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br>Date: June 26, 2025<br>Time: 10:30 a.m.<br>Dept.: E<br>Judge: Hon. Ronald H. Sargis |
| Plaintiffs, | |
| v. | |
| **NATHAN BENJAMIN DAMIGO,** | |
| Defendant. | |

Plaintiffs Elizabeth Sines, Seth Wispelwey, Soronya Hudson (as successor to Marissa Blair), April Muñiz, Marcus Martin, Natalie Romero, Devin Willis, Chelsea Alvarado, and Thomas

Baker (collectively, "**Plaintiffs**") respectfully move for summary judgment (the "**Motion**") on the amended complaint (the "**Amended Complaint**") in this adversary proceeding for a determination that the amounts of the damages, costs, and expenses arising from the claims asserted in Plaintiffs' lawsuit against Nathan Benjamin Damigo ("**Defendant**" or "**Damigo**") in the United States District Court for the Western District of Virginia (the "**Virginia District Court**"), *Sines v. Kessler,* Case No. 3:17-cv-00072-NKM (the "**Charlottesville Action**") are nondischargeable under Title 11 of the United States Code (the "**Bankruptcy Code**"), section 523(a)(6), and not discharged pursuant to section 727(b) of the Bankruptcy Code. In support of this Motion, Plaintiffs rely on the Joint Stipulation of Undisputed Facts, the Declaration of Robert L. Eisenbach III in Support of Joint Stipulation of Undisputed Facts, Plaintiffs' Statement of Undisputed Facts, the Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment (the "**Memorandum**"), and the Declaration of Robert L. Eisenbach III in Support of Plaintiffs' Motion for Summary Judgment, together with all Exhibits filed contemporaneously herewith, and respectfully state as follows:

1. Damigo is an individual and a resident of Stanislaus County, California.

2. The Court has jurisdiction over this matter pursuant to, inter alia, 11 U.S.C., § 523, 28 U.S.C. § 157, Federal Rule of Bankruptcy Procedure 7056, and Local Rule 7056-1.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (I), and (O).

4. Plaintiffs are also plaintiffs in the Charlottesville Action, which arose from the "Unite the Right" rally held on August 11 and 12, 2017 in Charlottesville, Virginia, which was organized by several prominent neo-Nazi and white supremacist leaders and groups, including Damigo and his organization, Identity Evropa. Each of the Plaintiffs was seriously injured during the events of August 11 and 12, 2017.

5. After a four-week trial, on November 23, 2021, a jury found that Damigo conspired with the other defendants in the Charlottesville Action to subject the Plaintiffs to intimidation, harassment, or violence motivated by racial, religious, or ethnic animus in violation of Virginia Code § 8.01-42.1 (the "**Virginia Hate Crimes Statute**"), and to commit assault or battery, and that as a result of this conspiracy, Plaintiffs were seriously injured. After post-trial briefing, the Virginia

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

District Court declined to enter a directed verdict in Damigo's favor. The Fourth Circuit affirmed the Virginia District Court's order in part, and the District Court subsequently entered an amended judgment (the "**Charlottesville Judgment**") on October 8, 2024 finding Damigo: (i) jointly and severally liable for nominal and compensatory damages of $1,303,284 to Ms. Romero, Ms. Muñiz, Mr. Baker, Ms. Blair, Mr. Martin, Ms. Alvarado, and Mr. Willis (the "**Nominal and Compensatory Damages**"); (ii) jointly and severally liable for costs incurred for a total of $468,216.15 to all Plaintiffs (the "**Costs**"); (iii) individually liable for punitive damages of $58,333.33 to Ms. Romero, Ms. Muñiz, Mr. Baker, Ms. Blair, Mr. Martin, Ms. Alvarado, Mr. Willis, and Ms. Sines (the "**Punitive Damages**"); and (iv) jointly and severally liable for reimbursable expenses (the "**Reimbursable Expenses**") of $1,266,420.84 to all Plaintiffs.

6. The Charlottesville Judgment against Damigo is now final.

7. Damigo had a full and fair opportunity to litigate all issues and facts in the Charlottesville Judgment and is collaterally estopped from re-litigating those facts and issues in this Adversary Proceeding. A jury found Damigo liable for civil conspiracy for conspiring to plan, promote, and enact racially, religiously, or ethnically motivated harassment, intimidation, or violence, as well as assault and battery, during two days of terror in Charlottesville, Virginia known as "Unite the Right" or the "Battle of Charlottesville," and for causing both physical and emotional injury to the Plaintiffs. The facts and issues underlying Plaintiffs' willful and malicious injury non-dischargeability claims in this Adversary Proceeding were fully and fairly litigated to judgment in the Charlottesville Action, and Damigo is precluded from relitigating them here. Specifically, and as set forth in the Memorandum, the undisputed facts adduced at trial in the Charlottesville Action, the jury verdict, and the subsequent decisions of the Virginia District Court and Fourth Circuit upholding the jury verdict against Damigo establish:

    a. Damigo's conduct—namely, conspiring to commit unlawful acts, including violations of the Virginia Hate Crimes Statute and assault or battery—was willful and malicious, and the debt arising therefrom for Nominal and Compensatory Damages is consequently nondischargeable under section 523(a)(6) of the Bankruptcy Code;

    b. The Punitive Damages and Costs in the Charlottesville Judgment are

1  ancillary to and arise from Damigo's underlying willful and malicious conduct. As a result, the
2  Punitive Damages and Costs are nondischargeable under section 523(a)(6) of the Bankruptcy Code.
3       8.    The undisputed facts also establish that the Reimbursable Expenses awarded in the
4  Charlottesville Judgment all arose and were incurred after the Petition Date and therefore are
5  neither subject to Damigo's bankruptcy discharge nor discharged under section 727(b) of the
6  Bankruptcy Code.
7       For the foregoing reasons, the debt for which Damigo is liable under the Charlottesville
8  Judgment for Nominal and Compensatory Damages, Costs, and Punitive Damages is non-
9  dischargeable under Bankruptcy Code § 523(a)(6), and the debt for the Reimbursable Expenses in
10 the Charlottesville Judgment is neither subject to Damigo's discharge nor discharged under
11 Bankruptcy Code § 727(b). The Motion should be granted, and the Plaintiffs request that the Court
12 enter judgment (1) determining that all damages, costs, and expenses awarded in the Charlottesville
13 Judgment in the amount of $3,096,254.32 are excepted from discharge under 11 U.S.C. § 523(a)(6)
14 and 727(b), together with interest thereon at the maximum legal rate, and that Plaintiffs shall
15 recover such debt from Damigo; (2) determining that Damigo's debt to Plaintiffs on the matters
16 alleged is not to be discharged in his Chapter 7 bankruptcy; (3) for costs of suit herein incurred,
17 including reasonable attorneys' fees if warranted; and (4) for such other and further relief as the
18 Court may deem just and proper.

Dated: May 8, 2025

Respectfully submitted,

COOLEY LLP

By: /s/ Robert L. Eisenbach III
Robert L. Eisenbach III

Attorneys for Plaintiffs