Glen K. Allen, admitted pro hac vice
5423 Springlake Way
Baltimore, MD 21212
Tel: 410-802-6453
glenallenlaw@protonmail.com

Attorney for Debtor and Defendant
Nathan Damigo

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### [MODESTO DIVISION]

| | |
|---|---|
| In re:<br>**NATHAN BENJAMIN DAMIGO,**<br><br>**Debtor**<br><br>Chapter Number: 7<br>_____<br>**ELIZABETH SINES, SETH WISPELWEY, MARISSA BLAIR, TYLER MAGILL, APRIL MUNIZ, HANNAH PEARCE, MARCUS MARTIN, NATALIE ROMERO, JOHN DOE, AND CHELSEA ALVARADO**<br><br>**Plaintiffs**<br><br>**v.**<br><br>**NATHAN BENJAMIN DAMIGO**<br><br>**Defendant** | **Case No. 19-90003-E-7**<br>**Judge: Hon. Ronald Sargis**<br><br>**NOTICE OF HEARING ON DEBTOR'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Adv. Pro. No. 19-09006**<br><br>Hearing Date: June 26, 2025<br>Hearing Time: 10:30 a.m. (PDT)<br><br>Action Filed: January 19, 2019<br>Trial Date: |

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

DEBTOR'S NOTICE OF HEARING FOR MOTION FOR SUMMARY JUDGMENT

Please take notice that on June 26, 2025 at 10:30 a.m., or as soon thereafter as the matter may be heard, in Department E of the United States Bankruptcy Court for the Eastern District of California, located at 501 I Street, Suite 3-200, Sacramento, California, in person or via Zoom (if the Court permits), the Court will hear the motion for summary judgment brought by Debtor and defendant Nathan Damigo.

**Grounds**: As further detailed in the Debtor's motion, supporting memorandum, and cited exhibits, Debtor files this motion in accordance with Bankruptcy Rule 7056, Local Rule  7056-1, and FRCP 56 on the grounds that in accordance with the strict requirements imposed on plaintiffs as to their invocation of the 11 U.S.C. Section 523(a)(6), the stringent requirements for collateral estoppel, and the holdings of the jury in *Sines v. Kessler*, Case No. 3:17-cv-00072, plaintiffs' invocation of the Section 523 (a)(6) exception fails as a matter of law.

**Relief Requested**:  Mr. Damigo requests that the plaintiffs' invocation of a Section 523(a)(6) exception be denied and their adversary complaint be dismissed in its entirety.

**Opposition**: Any party opposing this motion for summary judgment or motion for partial summary judgment shall file and serve opposition by June 11, 2025.  Any party opposing a motion for summary judgment or partial judgment shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication.  The opposing party shall be responsible for the filing with the Court of all evidentiary documents cited in the opposing papers.  If a need for discovery is asserted as a basis for denial of the motion, the party opposing

the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary. Opposition must be served on counsel for Debtor as follows: Glen Allen, Esq., 5423 Springlake Way, Baltimore, MD 21212. Failure to file a timely written opposition may result in the motion being resolved without oral argument and the striking of any untimely written opposition.

**Objections to Evidence**: Respondent shall file and serve written objections to Movant's evidence by June 11, 2025. Movant shall file and serve written objections to Respondent's evidence not later than June 18, 2025, the date set by the Court for Movant's reply. Failure to object to the opposing party's evidence by that date and in the manner described herein may be deemed a waiver of the objection. The objection shall be in a separate document and shall (1) state with particularity, including citation to the record, the evidence to which objection is made; (2) identify which of the opposing party's undisputed facts are supported by the evidence to which objection is made; and (3) the basis for the objection.

**Pre-hearing Dispositions**: Respondents may determine whether the matter has been resolved without oral argument or whether the Court has issued a tentative ruling, and can view any pre-hearing dispositions, by checking the Court's website at www.caeb.uscourts.gov after 4:00 p.m. on the day before the hearing. Parties appearing telephonically must view the prehearing dispositions prior to the hearing.

Dated: May 12, 2025

                           Respectfully submitted,

                           _____/s/_____

                           Glen K. Allen, Esq.
                           5423 Springlake Way
                           Baltimore, MD 21212
                           Attorney for Nathan Damigo, Debtor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2025 true and accurate copies of the foregoing were served via ECF procedures of this Court to all counsel of record.

_____/s/_____

Glen K. Allen, Esq.
5423 Springlake Way
Baltimore, MD 21212
Attorney for Nathan Damigo, Debtor

4