**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:  )<br>　　　　　　　　　　　　　　　　)<br>NATHAN BENJAMIN DAMIGO,　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Debtor.　　　　　)<br>_____)<br>　　　　　　　　　　　　　　　　)<br>ELIZABETH SINES, et al.,　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiffs, )<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>NATHAN BENJAMIN DAMIGO,　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendant.　　　)<br>_____) | Case No. 19-90003-C-7<br><br><br><br><br><br>Adversary No. 19-09006-C |

## Background

　　The debtor Nathan Benjamin Damigo in this chapter 7 bankruptcy case is the judgment debtor personally liable for a total amount of $3,096,254.32 in a judgment rendered by the United States District Court for the Western District of Virginia in <u>Elizabeth Sines et al. v. Jason Kessler, et al.</u>, Civil Action No. 3:17-cv-00072-NKM.

　　The plaintiff judgment creditors filed this bankruptcy adversary proceeding against Damigo alleging one count of exception to discharge (i.e., nondischargeability) under 11 U.S.C. § 523(a)(6).

　　Granting Plaintiffs' motion for summary judgment, Bankruptcy Judge Ronald Sargis entered judgment in favor of Plaintiffs on their § 523(a)(6) count in which it was determined that the "monetary obligations" in the judgment entered in the Western District of Virginia is attributable to "willful and malicious"

conduct. The theory was issue preclusion derived from the District Court's judgment in the Western District of Virginia and applied to the essential elements of § 523(a)(6).

Simultaneously, Judge Sargis granted summary judgment in favor of defendant Damigo on an additional count § 727(b) added by an Amended Complaint.

Damigo filed a Notice of Appeal, electing to have the appeal heard by the Bankruptcy Appellate Panel. The Plaintiffs exercised their option to require that the appeal be determined by the District Court for the Eastern District of California, where the appeal is now pending as No. 2:25-cv-03113-DC(BK).

The judgment by Judge Sargis was filed August 29, 2025. The case No. 19-90003 and the adversary proceeding No. 19-9006 were transferred to the undersigned judge on September 2, 2025, on account of the retirement of Judge Sargis.

The Appellant's Statement of Issues on Appeal focus on the bankruptcy court's application of issue preclusion to the various components of the District Court Judgment in the Western District of Virginia.

Damigo filed the instant motion for stay pending appeal. The Plaintiffs oppose the motion.

Hearing was heard by the undersigned judge on October 29, 2025, at which the arguments of Damigo and the Plaintiffs were entertained.

## Analysis

Federal Rule of Bankruptcy Procedure 8007(a)(1)(A) prescribes the procedure applicable to a stay pending appeal in a

bankruptcy case and requires that a party move first in the bankruptcy court. If the bankruptcy court declines to enter a stay, then Rule 8007(b) applies to subsequent efforts of obtain a stay. Rule 8007(c) addresses the need for a bond on appeal.

The judgment by Judge Sargis determining nondischargeability under § 523(a)(6) merely declares the bankruptcy discharge status of whatever monetary obligations have been determined by the District Court in the Western District of Virginia against defendant Damico. It is not itself a money judgment.

Since the automatic stay protecting Damigo expired pursuant to 11 U.S.C. § 362(c)(2)(C) upon entry of his bankruptcy discharge on April 16, 2019, the remaining bankruptcy impediment to attempting to collect on a final Western District of Virginia judgment has been fear of potentially violating the discharge injunction of 11 U.S.C. § 524.

The consequence of the nondischargeability judgment is to reduce, but not eliminate, that fear. That fear will not dissipate entirely until the present appeal is exhausted.

The need for the requested stay is not immediately apparent. In principle, without a stay, there is nothing to prevent Plaintiffs from proceeding to judgment enforcement. If Damigo's assertion about lack of assets is correct, then there is little or nothing to collect.

Moreover, money judgment enforcement is under state law; all states provide personal exemptions from judgment enforcement. The levels of income being represented in the motion for stay, suggest that little could actually be collected. At worst, Damigo might have to suffer the indignity of a judgment debtor's

examination.

　　If any sums were to be collected from Damigo and then the nondischargeability judgment were to be finally reversed, then the collected sums would have to be refunded to Damigo.

　　In sum, the balance of relevant harms counsels against a stay pending appeal.

　　If this court were to grant a stay pending appeal, it would require a bond consistent with the usual approach of 150% of the $3,096,254.32 money judgment.

　　MOTION DENIED.

Dated: October 30, 2025

_____
United States Bankruptcy Judge

4

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Robert L. Eisenbach
Cooley LLP
3 Embarcadero Center, 20th Fl
San Francisco, CA 94111-5800

Caitlin B. Munley
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004

Glen Keith Allen
Glen K. Allen Law
5423 Springlake Way
Baltimore, MD 2121

Andrew Allen
83 Beach Road
Belvedere, CA 94920